UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X        NOT FOR PUBLICATION
MAXINE A. TODD,

                                Plaintiff,                    MEMORANDUM
                                                                  AND ORDER
   -against-                                              16-CV-2124 (LDH) (LB)

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, OFFICE OF LEGAL AFFAIRS;
CLAIMS DIVISION; DIANE STONE, MD,
ID # 804849; DEEP LOHIA, MD, LIC # 268559;
NNAMDI ODIAH MD, LIC 3 260378; ALEX
DOMPREH, NP; LILY ZOU, RN; MANUELA
LORICO, RN; JOHN DOE, RN; PARK CITY
3 & 4 APARTMENTS, INC.; LOUIS KRAMBERG,
PRES. of CO-OP BOARD; CHANDRA JAIN,
CO-OP MGR; P.O. BERLINGERIO, SHIELD #2501;
P.O. MARCELLA VCLAK, SHIELD # 951423;
FRANCISCO BALDANZA, NYC FIRE DEPT
EMT,

                                Defendants.
---------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

       On April 19, 2016, plaintiff Maxine A. Todd, appearing *pro se*, filed this action in the United States District Court for the Southern District of New York against New York City Health and Hospital Corporation ("HHC") and a number of its medical staff, Park City 3 & 4 Apartments, Inc. ("Park City"), Louis Krambreg, President of the Co-op Board at Park City, Chandra Jain, Co-op Manager at Park City, Officers Berlingerio and Vclak, and Fire Department EMT Francisco Baldanza. Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 and New York state law. On April 29, 2016, the action was transferred to this Court. By Memorandum and Order dated May 26, 2016, the Court granted plaintiff's application to proceed *in forma pauperis*, dismissed the complaint against defendants pursuant to

28 U.S.C. § 1915(e)(2)(B), and granted plaintiff leave to file an amended complaint within thirty days. On June 22, 2016, plaintiff filed an amended complaint.

## BACKGROUND

Plaintiff alleges that on July 23, 2013, Officers Berlingerio and Vclak, Mr. Baldanza, and four Park City employees entered her apartment in response to a 911 call. (Am. Compl. 4-5, ECF No. 10.) Thereafter, Plaintiff alleges that Officers Baldanza and Vclak transported her to HHC's Elmhurst Hospital Center, where she was admitted without her consent and held until August 5, 2013. (*Id.* at 5.) While at Elmhurst Hospital, Plaintiff alleges that medical staff made false entries in her medical file and failed to examine her before placing her in the hospital's psychiatric ward. (*Id.* at 10-12.) Plaintiff also maintains that medical staff at the hospital unlawfully administered medication to her and removed her from the emergency room to the psychiatric ward without her consent. (*Id.* at 12-15.) Finally, plaintiff alleges that HHC, Park City, Mr. Kramberg, and Mr. Jain, conspired to have her admitted to the hospital's psychiatric ward. (*Id*. at 16-20.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

2

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the Court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss an *in forma pauperis* action if the Court determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

I. Section 1985

Plaintiff alleges that HHC, Park City, Mr. Kramberg, and Mr. Jain conspired to deprive her of her civil rights in violation of 42 U.S.C. § 1985. (Am. Compl. 16-18.) Claims of conspiracy that provide no facts "to corroborate [plaintiff's] allegation of a 'meeting of the minds' among the conspirators" must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011); *see also Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"); *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (*per curiam*); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (citations omitted). Here, Plaintiff's conspiracy claims are nothing more than conclusory allegations and mere speculation that: (1) Park City conspired with HHC to have her admitted, (2) "Louis Kramberg … may have coordinated [her] illegal removal and wrongfull [sic] admittance at HHC," and (3) "Chandra Jain … probably made the bogus 911 call on July 23, 2013." (Am. Compl. 16-18.) These allegations do not plausibly support a purported meeting of the minds among these defendants. Therefore, plaintiff's conspiracy claims against HHC, Park City, Mr. Kramberg, and Mr. Jain are dismissed for failure

3

to state a claim on which relief may be granted. *See Brito v. Arthur*, 403 F.App'x 620, 621 (2d Cir. 2010) (affirming dismissal of conspiracy claim under § 1985 where "[a]side from conclusory assertions, Appellant failed to provide any factual allegations that Appellees engaged in a conspiracy.").

  II.   Section 1981

To state a claim pursuant to 42 U.S.C. § 1981, a plaintiff must allege facts in support of the following elements: (1) plaintiff's status as a racial minority; (2) defendant's intent to discriminate on the basis of race; and (3) discrimination concerning one or more of the activities enumerated in the statute. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *see also White v. St. Joseph's Hospital*, 369 F. App'x 225, 226–27 (2d Cir. 2010). The enumerated activities include the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981.

Plaintiff alleges that she is a racial minority, (*see* Am. Compl. 8), but does not state sufficient facts to show that HHC acted with intent to discriminate against her based on her race. (*See id*. at 7 (offering no factual support for Plaintiff's conclusion that HHC would not have treated her as it did if she were a white woman).) Accordingly, plaintiff's claims against HHC based on violations of § 1981 are dismissed.

## CONCLUSION

For the reasons stated above, plaintiff's 42 U.S.C. § 1985 claims against HHC, Park City, Mr. Kramberg, and Mr. Jain are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim. Likewise, plaintiff's 42 U.S.C. § 1981 claims against HHC are hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

On July 13, 2016, Defendants Park City, Mr. Kramberg, and Mr. Jain requested a pre-motion conference regarding their intended motion to dismiss plaintiff's amended complaint. Defendants' motion for a pre-motion conference is hereby denied as unnecessary. To the extent Defendants still intend to move for dismissal of plaintiff's amended complaint, they are directed to serve their motion for dismissal upon plaintiff by October 26, 2016. Plaintiff must serve a response upon Defendants by November 23, 2016. Defendants shall serve a reply, if any, upon Plaintiff and electronically file the fully briefed motion by December 14, 2016.

SO ORDERED.

                                            /s/LDH
                                      LaShann DeArcy Hall
                                      United States District Judge

Dated: October 12, 2016
       Brooklyn, New York