UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
MAXINE A. TODD,

                      Plaintiff,

        against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, OFFICE OF LEGAL AFFAIRS,
CLAIMS DIVISION; DIANE STONE, MD ID #804849;
DEEP LOHIA, MD LIC #268559; NNAMDI ODIAH, MD,
LIC #260378; ALEX DOMPREH, NP; LILY ZHU, RN;
MANUELA LORICO, RN; SEWDAT NIRANJAN, RN;
PARK CITY 3 & 4 APARTMENTS INC., LOUIS
KRAMBREG, PRES OF CO-OP BOARD; CHANDRA
JAIN, CO-OP MGR; BERLINGERIO, SHIELD #2501, PO;
MARCELLA VCLAK, PO SHIELD #951423;
FRANCISCO BALDANZA, NYC FIRE DEPT EMT,

                      Defendants.
---------------------------------------------------------------------------X

16-CV-2124

**DEFENDANT'S RESPONSES TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS PURSUANT TO LOCAL RULE 56.1**

        Defendant Emily Stone as Executor of the Estate of Diane Stone, M.D. submits the following responses to the additional facts set forth in Plaintiff's Opposition to Defendant's Supplemental Statement of Undisputed Facts on behalf of Emily Stone as Executor of the Estate of Diane Stone, M.D. dated June 9, 2020, pursuant to Local Civil Rule 56.1 of the United States District Court for the Eastern District of New York and the ruling of Hon. LeShann DeArcy Hall on December 4, 2019, permitting defendants to respond to additional facts stated in Plaintiff's Opposition but not designated as Additional Facts.

**PLAINTIFF'S OPPOSITION TO FACT NO. 1:**

Pl's Disputes 1, because it is false, vague and ambigious. The fact is on July 23, 2013, I was seized in my home and transported to EHC's locked down Psychiatric Emergency Room (PER)

2245447.1

                                                                                                       1

by FDNY EMT Francesco Baldanza and NYPD officer Vlack. "EMS" was not present. (Amd. Compl. Pg.4-6). I dispute the false allegations that I was allegedly "barricaded" and the lie that I allegedly advised "law enforcement" of any of the statements recounted. It is also a lie that I allegedly became "verbally and physically abusive". (Ex. 3, Paragraphs 34, 35, 42).

**DEFENDANT'S REPLY TO FACT NO. 1:**

Defendant refutes plaintiff's additional fact that she was not brought to Elmhurst Hospital Center by EMS, as she fails to cite to any evidence to support her assertion and admits that she was transported to Elmhurst Hospital Center by EMT Francesco Baldanza. Defendant relies upon plaintiff's FDNY Prehospital Care Report. (Ex. A).

**PLAINTIFF'S OPPOSITION TO FACT NO. 2:**

Pl disputes 2, because of the false timeline and location of EHC where I allegedly arrived. Nevertheless, the fact is I was transported by FDNY and NYPD directly to EHC's locked-down Psychiatric Emergency Room (PER) at about 11:00am. I was never admitted to EHC's CPEP department. (Ex. 3, Paragraphs 35, 42, 43).

**DEFENDANT'S REPLY TO FACT NO. 2:**

Defendant refutes plaintiff's additional fact that the timeline and location is "false." Defendant relies upon the certified Elmhurst Hospital Record. (Ex. B). Plaintiff fails to cite to any evidence to support her assertion that the timeline and location is "false." The variations in the timeline alleged by plaintiff as additional facts should not be considered, as plaintiff fails to cite to any evidence to support the alleged variance in the timeline as to when certain events occurred in the course of her medical treatment, over six years ago.  Further, exact times at which the events described occurred, versus when they were documented, are not material or relevant. Defendant further refutes plaintiff's additional fact that she was "never admitted to EHC's CPEP

department", as the CPEP (Comprehensive Psychiatric Emergency Program) is the Psychiatric Emergency Room.

**PLAINTIFF'S OPPOSITION TO FACT NO. 3:**

Pl's dispute 3, because it is defamatory and false because I was actually triaged in the PER by Lily Zhu, at about 12:01 pm, and I object to the false allegations of the statements therein which I never said to anyone at EHC during the Incident. Specifically, I have never said that allegedly I had "one suicide attempt in 2002. (Exhibit 3, Paragraphs 36, 37, 38, 42, 43).

**DEFENDANT'S REPLY TO FACT NO. 3:**

Defendant refutes plaintiff's additional fact that she was triaged in the Psychiatric Emergency Room by Lily Zhu at "about 12:01 pm." The variations in the timeline alleged by plaintiff as additional facts should not be considered, as plaintiff fails to cite to any evidence to support the alleged variance in the timeline as to when certain events occurred in the course of her medical treatment, over six years ago. Further, exact times at which the events described occurred, versus when they were documented, are not material or relevant. Defendant relies upon the certified Elmhurst Hospital Record. (Ex. B). Defendant further refutes plaintiff's additional fact that she never said she had one suicide attempt in 2002. At her deposition, plaintiff testified that social worker Ryan Saitta "asked me if I ever attempted suicide or something like that. And I said, yes, I cut my wrist in 2001." (Ex. P, 199:24-200:2). The exact year in which plaintiff previously attempted suicide is not material or relevant.

**PLAINTIFF'S OPPOSITION TO FACT NO. 4:**

Pl's disputes 4, because of the false timeline and location alleged. Nevertheless, Alex Dompreh was working in EHC locked-down Psychiatric Emergency Room, where he examined me at about 2:00 pm on 07/23/2013. It is false that Dompreh allegedly diagnosed "Ms. Todd" with

2245447.1

3

hypertension because I told him, that I had hypertension which had been diagnosed decades earlier. (Exhibit 3, Paragraphs 37, 38, 41).

**DEFENDANT'S REPLY TO FACT NO. 4:**

Defendant refutes plaintiff's additional fact that the timeline and location is "false." Defendant relies upon the certified Elmhurst Hospital Record. (Ex. B). Plaintiff fails to cite to any evidence to support her assertion that the timeline and location are "false." The variations in the timeline alleged by plaintiff as additional facts should not be considered, as plaintiff fails to cite to any evidence to support the alleged variance in the timeline as to when certain events occurred in the course of her medical treatment, over six years ago. Exact times at which the events described occurred, versus when they were documented, are not material or relevant. Defendant also refutes plaintiff's additional fact that it is "false" that NP Dompreh diagnosed plaintiff with hypertension merely because she told him she had "hypertension which had been diagnosed decades earlier", as plaintiff's previous diagnosis does not preclude NP Dompreh from making the same diagnosis. Defendant relies upon the certified Elmhurst Hospital Record and the affidavit of NP Dompreh, describing his examination and treatment of plaintiff. (Ex. B, Ex. D).

**PLAINTIFF'S OPPOSITION TO FACT NO. 5:**

Pl's disputes 5, because it is false, defamatory and libelous with a false timeline. Nevertheless, I met with the PER social worker Ryan Saitta at about 2:35pm on 07/23/2013. I was not allegedly "malodorous", "disheveled" with "poor hygiene." See (Med. Rec, Bates stamped RA16, RA24). I dispute the defamatory characterization of the lies of my affect/behavior which are lies to falsely make appear as a alleged mentally ill person. Furthermore, I never allegedly made the statements asserted. However, in answer to Saitta question if anyone in my family had a mental illness I

2245447.1

4

replied that my brother had been diagnosed with schizophrenia. (Exhibit 3, Paragraphs 36, 37, 38, 41, 42, 43)

**DEFENDANT'S REPLY TO FACT NO. 5:**

Defendant refutes plaintiff's additional fact that the timeline and location is "false." Defendant relies upon the certified Elmhurst Hospital Record. (Ex. B). Plaintiff fails to cite to any evidence to support her assertion that the timeline is "false." The variations in the timeline alleged by plaintiff as additional facts should not be considered, as plaintiff fails to cite to any evidence to support the alleged variance in the timeline as to when certain events occurred in the course of her medical treatment, over six years ago. The exact times at which the events described occurred, versus when they were documented, are not material or relevant. Further, Defendant refutes plaintiff's additional facts that Ryan Siatta lied to falsely make plaintiff "appear as a alleged mentally ill person" and that she "never allegedly made the statements asserted" as plaintiff fails to cite to any evidence.

**PLAINTIFF'S OPPOSITION TO FACT NO. 6:**

Pl's disputes 6, because it is false, including the timeline and locations. The fact is I never met Dr. Deep Lohia on 07/23/2013, between 3:00-5:00pm, because I was never allegedly admitted to CPEP. It is a lie that Dr. Lohia allegedly "examined Ms. Todd" in CPEP or anywhere else or time, because he never did. (Exhibit 3, Paragraphs 38, 42, 43).

**DEFENDANT'S REPLY TO FACT NO. 6:**

Defendant refutes plaintiff's additional fact that the timeline and location is "false." Defendant relies upon the certified Elmhurst Hospital Record. (Ex. B). Plaintiff fails to cite to any evidence to support her assertion that the timeline and location are "false." The variations in the timeline alleged by plaintiff as additional facts should not be considered, as plaintiff fails to cite to any

2245447.1

5

evidence to support the alleged variance in the timeline as to when certain events occurred in the course of her medical treatment, over six years ago. Exact times at which the events described occurred, versus when they were documented, are not material or relevant. Further, the Psychiatric Emergency Room is the CPEP. Defendant further refutes plaintiff's additional fact that Dr. Lohia never examined plaintiff. Based on the evidence, on July 23, 2013, Dr. Lohia examined plaintiff and admitted her to the Elmhurst Hospital psychiatric unit for in-patient care. (Ex. B, Bates 21-40; Ex. E, ¶ 11-15). Defendant relies upon the certified Elmhurst Hospital Record and the Affidavit of Dr. Lohia, describing his examination and treatment of plaintiff. (Ex. B; Ex. E).

## PLAINTIFF'S OPPOSITION TO FACT NO. 7:

Pl's disputes 7, because it is false, defamatory and improbable because I was never allegedly examined by Dr. Lohia or have been anywhere him. Therefore, I dispute the lie of his false psychiatric conclusions about me, or my affect or alleged mental condition. I further object to the lie that I was allegedly brought in by "EMS" because I have never had any contact with this unknown EMS personnel. Furthermore, it is my belief and experience that Dr. Lohia's notes are parroted from the lies which the PER social worker Ryan Saitta entered in my EHC Medical Record. See (Amd. Compl. Pg.4-6), & (Exhibit 3, Paragraphs 38, 34, 43).

## DEFENDANT'S REPLY TO FACT NO. 7:

Defendant refutes plaintiff's additional facts that she was never examined by Dr. Lohia and that "Dr. Lohia's notes are parroted from the lies which the PER social worker Ryan Saitta entered in [plaintiff's] EHC Medical Record." Plaintiff fails to cite to any evidence to support her assertions. Defendant relies upon the certified Elmhurst Hospital Record and the Affidavit of Dr. Lohia, describing his examination and treatment of plaintiff. (Ex. B; Ex. E). Defendant further

refutes plaintiff's additional fact that she was not brought to Elmhurst Hospital Center by EMS, as she fails to cite to any evidence to support her assertion. Defendant relies upon plaintiff's FDNY Prehospital Care Report, indicating that she was transported to Elmhurst Hospital Center by EMT Francesco Baldanza via ambulance. (Ex. A).

**PLAINTIFF'S OPPOSITION TO FACT NO. 8:**

Pl's disputes 8, because it is false libelous and defamatory because Dr. Lohia never gave me a psychiatric evaluation, despite the fraudulent Sec. 9.39 MHL form which he entered in my Med. Rec. Furthermore, I was never allegedly diagnosed by Lohia or anyone else at Elmhurst Medical Center with any alleged mental illness. (Exhibit 3, Paragraphs 38, 41, 42, 43).

**DEFENDANT'S REPLY TO FACT NO. 8:**

Defendant refutes plaintiff's additional facts that Dr. Lohia never gave her a psychiatric evaluation; that the Form OMH 474 executed by Dr. Lohia for her Emergency Admission pursuant to Section 9.39 of the Mental Hygiene Law is "fraudulent"; and that she was never diagnosed by Dr. Lohia or anyone else at Elmhurst Medical Center with a "mental illness". Plaintiff fails to cite to any evidence to support her assertions. Defendant relies upon the certified Elmhurst Hospital Record and the Affidavits of Drs. Lohia and Odiah, describing their evaluations of plaintiff and diagnoses of Psychosis NOS. (Ex. B; Ex. E; Ex. H).

**PLAINTIFF'S OPPOSITION TO FACT NO. 9:**

Pl disputes 9, because it is false and ambigious. Nevertheless Dr. Deep never allegedly examined me or gave me the "Notice of Status and Rights". (Exhibit 3, para. 38).

**DEFENDANT'S REPLY TO FACT NO. 9:**

Defendant refutes plaintiff's additional fact that Dr. Lohia never examined her or gave her the written Notice of Status and Rights for an Emergency Admission under MHL Section 9.39.

Plaintiff fails to cite to any evidence to support her assertion. Defendant relies upon the certified Elmhurst Hospital Record and the Affidavit of Dr. Lohia, describing his examination and treatment of plaintiff, and affirming that he provided Plaintiff with the written Notice of Status and Rights for an Emergency Admission under MHL § 9.39. (Ex. B, Bates 8, 10; Ex. E, ¶ 15).

**PLAINTIFF'S OPPOSITION TO FACT NO. 10:**

Pl disputes 10, because it is a lie that I allegedly "left CPEP at 1:15 am and was escorted to inpatient unit by CPEP staff". Nevertheless on July 24, 2013 at 2:00, I was kidnapped from the closed PER waiting room by movant RN Sewdat Niranjan and escorted to A6. (Exhibit 3, Pargaraphs 38, 39, 40, 41).

**DEFENDANT'S REPLY TO FACT NO. 10:**

Defendant refutes plaintiff's characterization that she was "kidnapped" from the Psychiatric Emergency Room as plaintiff fails to cite to any evidence to support this allegation. Defendant relies upon the certified Elmhurst Hospital Record and plaintiff's deposition testimony, indicating that she walked, with an escort, to inpatient unit A6. She was not carried. (Ex. I at 271:18-22). Defendant further refutes plaintiff's additional fact that she was escorted to A6 "on July 24, 2013 at 2:00." The variation in the timeline alleged by plaintiff as additional facts should not be considered, as plaintiff fails to cite to any evidence to support the alleged variance in the timeline as to when certain events occurred in the course of her medical treatment, over six years ago. Exact times at which the events described occurred, versus when they were documented, are not material or relevant. Moreover, the Psychiatric Emergency Room ("PER") is the CPEP.

**PLAINTIFF'S OPPOSITION TO FACT NO. 11:**

Pl disputes 11, because it is a lie that Dr. Nnamdi Odiah allegedly met with me on

07/24/2013 at 10:00 am and allegedly examined "Ms. Todd and completed her admission assessment" because this never happened. Furthermore, I never met with Odiah or anyone else on 07/24/2013. (Exhibit 3, Paragraphs 38, 40, 41).

**DEFENDANT'S REPLY TO FACT NO. 11:**

Defendant refutes plaintiff's additional facts that Dr. Odiah never met with plaintiff on July 24, 2013 at 10:00 a.m. or examined plaintiff and completed her admission assessment, as plaintiff fails to cite to any evidence to support these assertions. Defendant further refutes plaintiff's additional fact that she never met with "anyone else" on July 24, 2013. Defendant relies upon the certified Elmhurst Hospital Record provided by Elmhurst Hospital Center and the affidavit of Nnamdi Odiah, M.D. (Ex. B, Bates 62-69, 92-95; Ex. H).

**PLAINTIFF'S OPPOSITION TO FACT NO. 12:**

Pl disputes 12, because it false, ambigious and has no factual basis. Nevertheless Odiah never gave me a psychiatric or medical evaluation, and I never allegedly had any "serious medical problems" because I was healthy mentally and physcally when I encountered him on the A6 psych ward on July 25, 2013. (Exhibit 3, Paragraphs 41, 42).

**DEFENDANT'S REPLY TO FACT NO. 12:**

Defendant refutes plaintiff's additional fact that Dr. Odiah never gave plaintiff a psychiatric or medical evaluation, as plaintiff fails to cite to any evidence to support this assertion. Defendant further refutes plaintiff's additional facts that she never had any serious medical problems, and was "healthy mentally and physically" on July 25, 2013, as plaintiff fails to cite to any evidence to support these assertions. Defendant relies upon the certified Elmhurst Hospital Record and the affidavit of Nnamdi Odiah, M.D. (Ex. B, Bates 62-69, 74-75, 92-95; Ex. H).

**PLAINTIFF'S OPPOSITION TO FACT NO. 13:**

Pl disputes 13 because it is false, ambigious and improbable. The fact is even though Dr. Odiah entered a false Sec. 9.39 MHL form in my EHC Med. Rec, fraudulently certifying me as allegedly mental ill, the opposite is true. Conversely I dispute the alleged conclusions about his false assertions about my alleged mental health status which cannot be understood because I was mentally healthy during the Incident, (Exhibit 3, Para. 40, 41).

**DEFENDANT'S REPLY TO FACT NO. 13:**

Defendant refutes plaintiff's additional facts that Dr. Odiah "entered a false Sec. 9.39 MHL form in my EHC Med. Rec, fraudulently certifying [plaintiff] as allegedly mental ill," as Plaintiff fails to cite to any evidence to support this assertion. Defendant relies upon the certified Elmhurst Hospital Record and the Affidavit of Dr. Odiah, describing his evaluations of plaintiff and diagnosis of Psychosis NOS. (Ex. B; Ex. H).

**PLAINTIFF'S OPPOSITION TO FACT NO. 15:**

Pl objects to 15, because it is false because my Elmhurst Hospital Center medical record shows Dr. Diane Stone as my alleged admitting and attending physician from 07/23/2013 through 08/05/2013, See (Med. Rec, Bates stamped RA9, RA11 and RA216 through RA299); & (Exhibt 3, Paragraphs 35, 43).

**DEFENDANT'S REPLY TO FACT NO. 15:**

Defendant refutes plaintiff's opposition as it is non-responsive. Although Dr. Stone's name appears in plaintiff's medical record as an "admitting physician", the Elmhurst Hospital Center medical record does not indicate that Dr. Stone ever met, examined, evaluated, diagnosed, or treated plaintiff. (Ex. B; Ex. L, ¶ 10). Further, plaintiff has admitted that she was not examined, evaluated, diagnosed, or treated by Dr. Stone at Elmhurst Hospital Center at any time between July 23, 2013 and August 5, 2013. (Ex. M, ¶ 5).

**PLAINTIFF'S OPPOSITION TO FACT NO. 16:**

Pl objects to 16 because it is vague and ambigious. Nevertheless, like Dr. Deep Lohia I was never provded any services by decedent Dr. Diane Stone, and I have consistently testified in the Court record to this fact. However, now that Diane Stone is dead the Administrator Emily Stone has now only admitted that the decedent never provided any services to me which I have always disputed as to why the decedent made entries in my Med. Rec, and this should preclude summary judgment for Emily Stone. (Exhibit 3 Para 38, 41, 43).

**DEFENDANT'S REPLY TO FACT NO. 16:**

Defendant refutes plaintiff's additional fact that "now that Diane Stone is dead the Administrator Emily Stone has now only admitted that the decedent never provided any services to me," as plaintiff fails to cite to any evidence to support this assertion.

**PLAINTIFF'S OPPOSITION TO FACT NO. 18:**

Pl's Opposition 18 - I am in opposition because it is vague and cannot bee understood. Notwithstanding, I have never been examined, evaluated diagnosed or treated by Dr. Diane Stone at EHC at any point in time. However, my EHC Med. Rec. fraudulently shows that she was allegedly involved with my admittance and treatment at EHC from July 23, 2013 to 08/05/2013. (Exhibit 3, Para. 35, 43).

**DEFENDANT'S REPLY TO FACT NO. 18:**

Defendant refutes plaintiff's additional fact that the EHC medical record fraudulently shows that Dr. Stone was involved with plaintiff's "admittance and treatment" at Elmhurst Hospital Center from July 23, 2013 to 08/05/2013. While Dr. Stone's name appears printed in plaintiff's Elmhurst Hospital Center medical record as an "admitting physician," the medical record does not contain any notes or evaluations by Dr. Stone. (See generally Ex. B; Ex. L, ¶ 8). The medical

record does not indicate that Dr. Stone ever met, examined, evaluated, diagnosed, or treated plaintiff. (Ex. B; Ex. L, ¶ 10). Further, plaintiff has admitted that she was not examined, evaluated, diagnosed, or treated by Dr. Stone at Elmhurst Hospital Center at any time between July 23, 2013 and August 5, 2013. (Ex. M, ¶ 5).

**PLAINTIFF'S OPPOSITION TO FACT NO. 20:**

Pl objects to 20, because it is ambigious and cannot be understood. Nevertheless, it is my belief and understanding that Dr. Gould testimony is a misguided attempt to win summary judgment for Administrator Emily Stone, Executor of Diane Stone's Estate in this matter. (Exhibit 3, Para. 43).

**DEFENDANT'S REPLY TO FACT NO. 20:**

Defendant refutes plaintiff's additional fact that "Dr. Gould testimony is a misguided attempt to win summary judgment for Administrator Emily Stone, Executor of Diane Stone's Estate," as Plaintiff fails to cite to any evidence to support this assertion. Defendant relies upon the affidavit of Howard Gould, M.D., affirming that Dr. Stone's name was erroneously placed on the Face Sheet of plaintiff's hospital chart by the admitting office. (Ex. L, ¶ 10).

**PLAINTIFF'S OPPOSITION TO FACT NO. 21:**

Pl object to 21, because it is ambigious and cannot be understood, because Dr. Steven Fayer has no personal knowledge of my actual mental status when the Hospital Employee Defendants illegally admitted and falsely imprisoned me at EHC, without substantive due process. Furthermore, he has never met me, or given me a psychiatric evaluation and inexplicably based his opinion solely on the disputed and fraudulent entries in my EHC Med. Rec. (Exhibit 3 Para. 43).

**DEFENDANT'S REPLY TO FACT NO. 21:**

Defendant refutes plaintiff's additional fact that the medical record is "fraudulent," as Plaintiff fails to cite to any evidence to support her assertion. Defendant relies upon the certified Elmhurst Hospital Record provided by Elmhurst Hospital Center. (Ex. B).

Dated: New York, New York
September 1, 2020

>
> Respectfully Submitted,
> HEIDELL PITTONI MURPHY & BACH LLP
>
> By: _____
> Gabrielle Apfel, Esq. (GA 5326)
> Attorneys for Defendants
> 99 Park Avenue
> New York, New York 10016
> T (212) 286-8585
> F (212) 490-8966
> *gapfel@hpmb.com*

TO:  **VIA CERTIFIED AND REGULAR MAIL**
**ARTICLE NO.:  7019 1640 0000 4475 3777**
Ms. Maxine A. Todd
97-10 62nd Drive, Apt 4K
Rego Park, New York 11374

**VIA ECF:**
Maria Fernanda DeCastro, Esq.
New York City Law Department
Attorneys for City Defendants
100 Church Street
New York, New York 10007

A. G. Chancellor II, Esq.
Tromello, McDonnell & Kehoe
395 North Service Road, #410
Melville, New York 11747